# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM JAMES SISKOS,

    Plaintiff,

v.                                         Case No: 8:16-cv-1521-T-30TBM

EDWARD J. CICCONE, BARBARA-JO
BELL, DONALD M. MCCATHARN and
DANIEL B. MERRITT, JR.,

    Defendants.

## ORDER

    THIS CAUSE is before the Court on Plaintiff's Complaint, which alleges that three State of Florida public officials infringed on his constitutional rights in violation of 42 U.S.C. § 1983 (Dkt. 1). Plaintiff, an inmate at the Wakulla Correctional Institution in Crawfordville, Florida, filed with his complaint an application to proceed *in forma pauperis*, which triggers the Court's requirement to independently evaluate whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(B)(ii). The Court has conducted this evaluation and concludes, for the reasons discussed briefly below, that the complaint fails to state a claim. It will therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2).

    In 2012, Plaintiff was convicted of second-degree murder in Florida state court. According to allegations in Plaintiff's complaint, that conviction deprived him of his constitutional rights because it was evidentially predicated on statements obtained from

Plaintiff during an interrogation after he invoked his right to counsel. Plaintiff's complaint identifies three individuals as responsible for this alleged constitutional infringement: Sheriff's detective Edward Ciccone, who conducted the interrogation; Plaintiff's trial defense counsel Barbara-Jo Bell, who, according to the complaint, did not object at trial to the introduction of his coerced statements; and trial judge Daniel Merritt, Jr., who permitted the statements' use as evidence and denied Plaintiff's post-conviction petition claiming that the statements were inadmissible.[1] For the constitutional deprivation caused by these defendants, Plaintiff seeks "emergency release as [his] conviction and sentence are void." (Dkt. 1, pp. 6-7). He also seeks damages for psychological injury and punitive damages.

Plaintiff's complaint is deficient in a number of ways. First, to the extent Plaintiff seeks relief from his conviction and sentence, his cause of action is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). There, the Court declared that a prisoner cannot bring a Section 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been reversed or invalidated or, at a minimum, called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. As Plaintiff's complaint makes clear, his is not one of those cases.

Second, to the extent Plaintiff seeks damages for his conviction and sentence, as a matter of law he cannot state a claim against his defense counsel or the trial judge. In

---

[1] The complaint in fact names a fourth defendant, Donald M. McCatharn, Jr. But the complaint never makes an allegation against Defendant McCatharn, instead only referring to him once as present at a deposition. Without any specific allegation against him, the cause of action against McCatharn should and will be dismissed. *See Carter v. Dekalb Cnty.*, 521 F. App'x. 725, 727 (11th Cir. 2013).

performing their roles as advocates, defense counsel do not act under "color of law" and therefore cannot be the subject of a Section 1983 claim. *See Polk v. Dodson*, 454 U.S. 312, 325-26 (1981). Accepting the allegations in Plaintiff's complaint as true, Defendant Bell committed her constitutional violation—failing to object to the introduction of incriminating statements at trial—while representing Plaintiff and "exercising her independent professional judgment in a criminal proceeding." *Id.* She was not acting under color of law. As against her, the complaint must be dismissed. *See id.*

Trial judges, meanwhile, enjoy absolute immunity for their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Ruling on the admissibility of evidence at trial is one such act. As against the judge, Plaintiff's complaint must also be dismissed. *Id.*

That leaves only a claim for damages against Defendant Ciccone, the detective who allegedly coerced Plaintiff's statements. *See Bradley v. Pryor*, 305 F.3d 1287, 1290 (11th Cir. 2002) (holding that *Heck* does not bar a prisoner 1983 action if success in the lawsuit would not demonstrate the invalidity of the previous conviction or sentence); *accord Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996). This claim must also be dismissed, as Plaintiff has failed to allege a constitutional violation. Plaintiff's complaint states that, during a custodial interrogation, Defendant Ciccone informed Plaintiff: "You have a right to talk to a lawyer and have one present with you while you're being questioned. Do you understand that?" (Dkt. 1., p. 5). Apparently this rights advisement took place at night, because when Plaintiff asked, "Can I have one now present?" Ciccone responded, "Well, not right now because not many lawyers are going to get out [of] bed." (Id. at pp. 5-6). Plaintiff asserts that, on the basis of this discussion, statements he later

3

made were obtained in violation of the protections afforded by *Miranda v. Arizona*, 384 U.S. 436 (1966).

The law does not support this assertion. The Supreme Court has held that to invoke the right to counsel during a custodial interrogation, a suspect must unambiguously request counsel. *Davis v. United States*, 512 U.S. 452, 459 (1994). A suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id.* If a statement fails to meet this standard, "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," *Miranda* and its offspring do not require the officers to stop questioning. *Id.* (emphasis in original); *see Moran v. Burbine*, 475 U.S. 412, 433 n.4 (1986) ("[T]he interrogation must cease until an attorney is present *only* [i]f the individual states that he wants an attorney.") (emphasis in original) (citations and internal quotation marks omitted).

Accepting Plaintiff's allegations concerning his interrogation as true, he did not unambiguously invoke his right to counsel as the law construes that invocation, but instead equivocally inquired about the contemporaneous availability of counsel. *See Davis*, 512 U.S. at 459. Moreover, and critically, Plaintiff's complaint never alleges that the interrogation continued after this question about counsel. It only alleges that an unspecified statement—obtained at an unspecified time under unspecified circumstances—was ultimately used against Plaintiff at trial. Plaintiff has failed to allege a constitutional violation, let alone the violation of a clearly established right that would cause Ciccone to

lose his entitlement to qualified immunity. *See Sheth v. Webster*, 145 F.3d 1231, 1236 (11th Cir. 1998).[2] Plaintiff's claim for damages against Defendant Ciccone must also be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Complaint (Dkt. 1) is DISMISSED.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 3) is denied as MOOT.

3. The Clerk is directed to close this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of July, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] Though it cannot be discerned definitively from the complaint, Plaintiff's entire cause of action may also be barred by the doctrine of issue preclusion, which holds that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Applying this doctrine, federal courts in Section 1983 actions must respect the preclusive effect of previous state judgments, so long as the party had a full and fair opportunity to litigate the issue. *Id.* at 101. It appears from his complaint that Plaintiff litigated the very issues he raises now in a state-court petition for post-conviction relief. If he did, issue preclusion is yet another reason why Plaintiff's complaint must be dismissed.